

FILED

JUN 20 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL NO. 2:13cr164

ROBERT HAROLD SCOTT, JR.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court upon various pre-trial motions by both the Government and Robert Harold Scott, Jr. ("Defendant"). For the reasons set forth herein, the Court hereby **GRANTS** the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions, ECF No. 35, **GRANTS IN PART** the Defendant's Motion for Expanded Venire, ECF No. 65, and **DENIES** the Defendant's Motion for Additional Peremptory Challenges, ECF No. 66.

The Defendant's Consent Motion for Extension to File Pretrial Motions, ECF No. 30, and the Government's Motion to Consolidate Cases, ECF No. 31, are hereby **DISMISSED AS MOOT** due to the intervening Second Superseding Indictment, ECF No. 39, which named both Defendant and his alleged co-conspirator, Shavonna Lakita Whitfield, and reset the pretrial filing deadline.

## I. PROCEDURAL BACKGROUND

On November 21, 2013, an indictment against the Defendant was returned, charging him with four counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), and nineteen counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). ECF No. 16. The grand jury returned a Superseding Indictment against the Defendant on January 9,

2014, charging him with three counts of conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a), four counts of production of child pornography in violation of 18 U.S.C. § 2251(a), four counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and three counts of using a facility of interstate commerce to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). ECF No. 26.

The Defendant filed a Consent Motion for Extension to File Pretrial Motions on February 5, 2014. ECF No. 30. The Government filed a Motion to Consolidate Cases, ECF No. 31, on February 11, 2014, to join Shavonna Lakita Whitfield ("Whitfield"), who had been separately indicted and who the Government alleges to be a co-conspirator with the Defendant. The Defendant objected to this latter Motion on February 19, 2014. ECF No. 33.

A Second Superseding Indictment was returned on March 6, 2014. ECF No. 39. It named the Defendant, Whitfield, and two other alleged co-conspirators, thereby mooting both the Motion for Extension and the Motion to Consolidate. It charges the Defendant with five counts of Conspiracy to Produce Child Pornography in violation of 18 U.S.C. § 2251(a) and (e); eight counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a); eight counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2); five counts of Use of Interstate Commerce Facility to Entice Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b); and two counts of Destruction of Records in violation of 18 U.S.C. § 1519. ECF No. 39.

The Government filed a Motion in Limine Regarding Admissibility of Trade Inscriptions ("Motion in Limine") on February 21, 2014, seeking a pretrial ruling that inscriptions on two cellphones and a memory card stating that they were manufactured abroad would be admissible. ECF No. 35. The Defendant filed a Response in objection on March 3, 2014. ECF No. 36.

2

The Defendant filed a Motion to Sever, ECF No. 64, a Motion for Expanded Venire, ECF No. 65, and a Motion for Additional Peremptory Challenges, ECF No. 66, on April 25, 2014. The Government objected only to the Motion for Additional Peremptory Challenges. ECF No. 84. The Motion to Sever was granted on June 6, 2014, in an Order directing that the Defendant and Whitfield be tried separately. ECF No. 86.

The three remaining live Motions (the Government's Motion in Limine, the Defendant's Motion for Expanded Venire, and the Defendant's Motion for Additional Peremptory Challenges) are ripe for decision.

## II.   GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF TRADE INSCRIPTIONS

Some of the charges against the Defendant may require proof that he used materials that were mailed, shipped, and transported in interstate commerce to produce or receive child pornography. See 18 U.S.C. §§ 2251, 2252(a)(2). In order to prove these elements, the Government seeks to introduce three items into evidence: (1) a Sprint LG cellphone bearing an inscription that it was manufactured in Korea which belonged to the Defendant; (2) an iPhone 4 bearing an inscription that it was manufactured in China which belonged to Coconspirator C; and (3) a PNY memory card bearing an inscription that it was manufactured in China which belonged to the Defendant. Mot. in Limine 2, ECF No. 35. The Government alleges that these electronic devices were used by the Defendant to communicate with coconspirators, as well as to produce and store child pornography. The Government contends that these items are self-authenticating under Federal Rule of Evidence 902(7) because of the inscriptions they bear and, to avoid the expense of calling multiple witnesses, thus desires to admit them without calling anyone to testify to their authenticity. Mot. in Limine 1, ECF No. 35.

The Defendant objects to the introduction of the cellphones and memory card by the

Government into evidence without testimony from the manufacturing companies on two grounds: that the items are not in fact self-authenticating, and that even if they are, they are statements subject to the hearsay rule and thus inadmissible even if authenticated. Response 3, ECF No. 36. The Defendant is right that both analytic steps are necessary. Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 551 (D. Md. 2007) (noting that Rule 902 dispenses with the need to prove genuineness but does not automatically confer admissibility onto self-authenticated evidence); United States v. Brown, 2009 WL 2090193 at *11 (S.D. Ind. July 13, 2009) (stating that when deciding whether a computer hard drive inscription reading "Product of Malaysia" was admissible in a child pornography case, "[t]here are two steps to the analysis: authenticity and hearsay."). The Court will discuss each step in turn. Because there is no relevant difference between any of the individual inscriptions—which all state that the respective item was manufactured overseas—they will be analyzed collectively.

### A.   THE INSCRIPTIONS ARE SELF-AUTHENTICATING UNDER RULE 902(7)

Ordinarily, evidence must be authenticated by extrinsic evidence as a condition precedent to it being admitted. Fed. R. Evid. 901(a). However, Federal Rule of Evidence 902 lists "items of evidence [that] are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." One category of self-authenticating evidence covers "Trade Inscriptions and the Like." Fed. R. Evid. 902(7). This refers to "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." Id.

The Court agrees with the statement in Brown regarding inscriptions regarding country of origin on electronic devices: "The authenticity step is easy." 2009 WL 2090193 at *11. The evidence in the present case consists of inscriptions that purport to have been applied to the items in the course of business and they indicate origin, and thus fall squarely within Rule 902(7). The Defendant's assertion that "the likelihood of inauthenticity is much greater with inscriptions

4

indicating solely geographic origins" makes it so that "the reasoning supporting Rule 902(7) does not apply to such inscriptions" cannot be reconciled with the Rule's text, which explicitly lists "inscription[s] . . . indicating origin" as self-authenticating. Even if the risk of inauthenticity for "Made in China" inscriptions is higher than for trademark inscriptions, the Federal Rules of Evidence have decided that such inscriptions are still sufficiently trustworthy to be self-authenticating.

### B.   THE INSCRIPTIONS ARE NOT INADMISSIBLE HEARSAY

Hearsay is an out of court statement offered into evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). A statement, in turn, is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). As a general rule, hearsay is not admissible, Fed. R. Evid. 802, although there are numerous exceptions that allow for the admission of certain types of hearsay, see Fed. R. Evid. 803–807.

The Government conclusorily argues that the trade inscriptions at issue in this case "are not 'statements' within the meaning of FED. R. EVID. 801." Mot. in Limine 5, ECF No. 35. The Defense argues that they are testimonial statements by the manufacturing corporations which the Government is offering for the truth of the matter asserted and thus inadmissible as hearsay. Response 3, ECF No. 36; see also Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (holding that testimonial evidence must be presented in a forum allowing for confrontation and cross-examination by the adverse party).

One line of cases takes what is known as a "mechanical trace" approach to the type of evidence at issue in the instant case. The phrase comes from Wigmore's treatise on evidence where it was used to refer to evidentiary facts used to show that at some previous time a certain act was or was not done, such as stains, brands on animals or timber, tags, signs, license plates,

footprints, and documents. 1 Wigmore §§ 148–157 (3rd ed. 1940). The term was adopted and applied by the Ninth Circuit in <u>United States v. Snow</u>, a case where a red piece of tape with the defendant's name, attached to a briefcase in which a gun was found, was admitted into evidence as circumstantial evidence—not as a statement subject to the hearsay rules. 517 F.2d 441, 443–44 (9th Cir. 1975). More relevant to the case at bar, the Ninth Circuit extended the approach to include markings on products designating their country of origin. <u>United States v. Alvarez</u>, 972 F.2d 1000, 1004 (9th Cir. 1992) <u>overruled on other grounds by</u> <u>Kawashima v. Mukasey</u>, 530 F.3d 1111, 1116 (9th Cir.2008) (admitting into evidence a firearm bearing the inscription "Garnika, Spain" to prove that it was manufactured in Spain and thus shipped in interstate commerce).

Several other courts have adopted this "mechanical trace" approach, holding that such inscriptions are circumstantial evidence rather than statements subject to the hearsay rules. <u>CA, Inc. v. Simple.com, Inc.</u>, 780 F. Supp. 2d 196, 224 (E.D.N.Y. 2009) ("Computer generated time stamps are mechanical traces that can be used to prove the occurrence of an event."); <u>United States v. Brown</u>, 2009 WL 2090193 at *11 (S.D. Ind. July 13, 2009) (stating that the <u>Alvarez</u> reasoning "appears to this court to be sound"); <u>Com. v. Harvey</u>, 446 Pa. Super. 395, 402, 666 A.2d 1108, 1112 (1995) ("We conclude that the Busch label in the present case is analogous to the inscription on the firearm [in <u>Alvarez</u>]."). Other courts have held that such inscriptions are not statements within the meaning of the hearsay definition. <u>See, e.g.</u>, <u>United States v. Koch</u>, 625 F.3d 470, 480 (8th Cir. 2010) (holding that computer and flash drive labels indicating they were manufactured in China were not inadmissible hearsay, and citing <u>United States v. Bowling</u>, 32 F.3d 326, 328 (8th Cir.1994), which held that a manufacturer's name stamped on a firearm is not a statement); <u>United States v. Thody</u>, 978 F.2d 625, 631 (10th Cir. 1992) (holding that a

"manufacturer's imprint in the gun is not hearsay" since it "is technically not an assertion by a declarant as contemplated by" the hearsay rules).

This Court agrees with this line of analysis. It makes much more sense to think of a "Made in China" inscription on a product (in all likelihood the result of a mechanical, assembly-line mold) as circumstantial evidence that it was indeed made in that country, not as a statement made by the company that is subject to hearsay rules. Therefore, the Court **FINDS** that the "Made in China" and "Made in Korea" inscriptions on the cellphones and memory card are not statements within the meaning of the hearsay definitions and are thus admissible in this case.

Moreover, even if the inscriptions at issue here were statements and thus hearsay (because they were made out of court and are offered to prove the truthfulness of the assertions), they would nevertheless be admissible. Federal Rule of Evidence 807 provides for a "residual exception" for hearsay not admissible under the other exceptions to the general prohibition:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Even assuming <u>arguendo</u> that the cellphone and memory card inscriptions are hearsay, they meet all the requirements of this residual exception.[1] First, the inscriptions have "equivalent guarantees of trustworthiness" as the guarantees in Rules 803 and 804 because, in addition to their self-authenticating status under the Federal Rules of Evidence, such inscriptions are

---

[1] The Court does not find it necessary to analyze whether the inscriptions, made in the midst of the manufacturing process, might also be admissible under the hearsay exception contained in Rule 803(1) as present sense impressions.

required by law, see 19 U.S.C. § 1304(a), and false designations of origin are prohibited by law,

see 15 U.S.C. § 1125. "An authentic inscription, of the kind made regularly by manufacturers in

accordance with federal law, bears significant similarity to other forms of evidence admissible

under the enumerated hearsay exceptions." United States v. Burdulis, 2014 WL 2142515 at *6

(1st Cir. May 23, 2014). Second, the inscriptions are clearly offered as evidence of a material

fact: they go to proving an element of the crime. Third, it is more probative on this point than

any other evidence that the proponent can obtain through reasonable efforts. Subpoenaing three

different companies to testify that the inscriptions indelibly etched into their products are

genuine, when there is no reason to doubt them, surpasses reasonable effort in this situation. And

fourth, admitting the inscriptions will best serve the purposes of the Rules of Evidence and the

interests of justice because doing so promotes judicial efficiency, sufficiently protects the rights

of the accused, and ensures that authentic, relevant evidence is presented to the jury. Thus the

Court further **FINDS** that even if the inscriptions qualify as hearsay, they are admissible under

Rule 807.[2]

### III. DEFENDANT'S MOTIONS FOR EXPANDED VENIRE AND ADDITIONAL PEREMPTORY CHALLENGES

The Sixth Amendment to the United States Constitution guarantees the Defendant "a fair

trial by a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961). This

Court has discretion to expand the jury pool to larger than its normal size in order to ensure the

selection of an unbiased jury. United States v. Blom, 242 F.3d 799, 804 (8th Cir. 2001). In order

to give effect to this right in the instant case—where evidence will include images allegedly

depicting the sexual exploitation of very young children—the Defendant requests an expanded

---

[2] The notice requirements of Rule 807(b) appear to have been met since the Government's Motion in Limine was filed four months ago and trial does not begin for another two and a half months and the Defendant can be assumed to have reasonable notice of the manufacturers' contact information at this point.

venire of 80 prospective jurors. Mot. for Exp. Venire, ECF No. 65.

In the instant case, the Court **FINDS** in its discretion that an expanded venire is appropriate due to the disturbing nature of the charges and evidence to be presented. In order to guarantee the selection of an unbiased jury, the Court therefore **GRANTS IN PART** the Defendant's Motion for Expanded Venire, ECF No. 65, and **ORDERS** that the pool of potential jurors be increased to **70** in this case.

The Defendant also filed a motion asking for additional peremptory challenges beyond the ordinary ten provided for by the Federal Rule of Criminal Procedure 24(b)(2). ECF No. 35. Rule 24(b) permits the Court to "allow additional peremptory challenges to multiple defendants." Although at the time the Defendant's motion was filed he was scheduled to be tried along with the three co-defendants named in the Second Superseding Indictment, in the meantime the Court issued an order granting the Defendant's Motion to Sever. The Defendant will be tried without his co-defendants and thus Rule 24(b)'s permission for granting additional peremptory challenges to multiple defendants is no longer applicable. Further, the Court **FINDS** that additional peremptory challenges are not necessary to secure a fair trial for the Defendant, particularly in light of the Court's decision to expand the jury pool as discussed above. Therefore, the Court **DENIES** the Defendant's Motion for Additional Peremptory Challenges.

## IV.    CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions. ECF No. 35.

The Defendant's Motion for Expanded Venire is **GRANTED IN PART**. ECF No. 65. An expanded jury pool of 70 jurors will be called.

The Defendant's Motion for Additional Peremptory Challenges is **DENIED**. ECF No. 66.

The Defendant's Consent Motion for Extension to File Pretrial Motions, ECF No. 30, and the Government's Motion to Consolidate Cases, ECF No. 31, are **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

                                    /s/
                           Robert G. Doumar
                           Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 19, 2014

10